[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brings this action in two counts, the first of which sounds in warranty and the second of which is based on the Connecticut Unfair Trade Practices Act (CUTPA). The defendant in its answer basically leaves the plaintiff to his proof but denies the pertinent allegations of the claims and specially pleads that the plaintiff breached the Retail Installment Agreement and was negligent in failing to procure liability insurance for said motor vehicle, the subject of this action. The pleadings are closed with a denial of the allegations of said special defense.
The evidence produced that the plaintiff purchased from the defendant a used 1987 Toyota Celica automobile for $4,795.00 exclusive of taxes and fees on April 24, 1995. The defendant provided an expressed written warranty that the motor vehicle "to be mechanically operational and sound for a period of 60 days or 3,000 miles whichever period ends first." When the plaintiff received the vehicle on April 25, 1995 a second typed-up form was presented for his signature which showed a sales price of $6,276.72 including finance charges but the warranty box was left blank. The plaintiff believed this to be the same agreement as signed before with the changes to show financing but no other changes from the original agreement.
Subsequently on at least two occasions the plaintiff brought the vehicle in to the defendant on the complaint of engine knock and loss of power, the last of which was on May 23, 1995. On those occasions repairs were said to have been done but a couple of days after the last repair the same problem occurred. He was not charged for these repairs. On May 30, 1996 as the plaintiff drove the vehicle south on Route I-91 in Windsor smoke started to come from under the hood and after pulling off the traveled portion of the highway and turning the engine off, the engine went on fire. The plaintiff never drove the car again. During the CT Page 10100 time the plaintiff had the car he alone drove it was never in an accident, never had anyone but the defendant repair it, did not abuse it by operation and never exceeded the 3,000 miles or 60 days of the warranty period. The fire department had to pry up the hood to extinguish the fire and the car was towed to a garage at the direction of the fire department. The plaintiff had the car towed to a garage of his choice after the defendant showed no interest in seeing the car nor taking photographs of it or requesting photographs to be taken. He talked to Frank Halpert, Sales Manager of the defendant and asked him to replace the vehicle which appeared to be totaled or to repair it. Halpert's response was that the damage to the vehicle was not their fault and that the vehicle was not under warranty. The plaintiff who had traded his car to the defendant in partial payment of the purchase of the now totaled vehicle and had paid three (3) payments of $192.78 on the note financing the car and a $1,000 down payment and had no money to buy another car, consulted an attorney. He was without a car for six (6) months during which time he paid $2 round trip on a bus to get to and from work.
No witnesses were called by the defense.
The court finds that the defendant breached the warranty,Hinchliffe v. American Motors Corporation, 184 Conn. 607, 621, and plaintiff is entitled from the defendant the value of the car or restitution, the storage and towing fees he has incurred and the cost expended in public transportation for a six month period, which respectively are $5,346.70, $999.00 and $1,000 for a total of $7,345.70 plus statutory interest from the date of the loss. Therefore judgment is granted in the sum of $7,345.70 plus statutory interest.
As to the second count the court finds that the defendant was deceptive in having the plaintiff sign the second form which failed to contain the warranty provision of the first form and then to refuse to honor the warranty. C.G.S. § 42-110a et seq. Id, 616-617. The court therefore awards the plaintiff judgment against the defendant in addition to the damages of the first count, punitive damages in the amount of $5,000 and attorney's fees in the amount of $2,550.00.
Corrigan, J. CT Page 10101